**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey DAHLMAN, Defendant–Appellant.**

**Nos. 02–1345, 02–2179.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided Feb. 18, 2003.

Before **POSNER, MANION,** and **WILLIAMS,** Circuit Judges.

### ORDER

Jeffrey Dahlman pleaded guilty in 1999 to defrauding the bank where he was president. As part of his sentence, the district court ordered him to pay restitution under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664(d)(5). Two years later, the court ordered him to turn over a 401(k) retirement account to the U.S. Attorney's office for distribution to his victims. After the court entered the turnover order, Dahlman filed a motion

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

under Federal Rule of Civil Procedure 60(b) asking the court to vacate the underlying restitution award, which the court denied. Dahlman appeals both the turnover order and the denial of his motion to vacate the restitution award.

The district court sentenced Dahlman on August 13, 1999, to 63 months' imprisonment and three years' supervised release, and ordered him to pay a $2500 fine and restitution to his victims in an amount to be determined later. One part of the sentencing order requires Dahlman to pay the fine and restitution in installments of $250 a month until the balance is paid; an apparently conflicting part seems to require him to "pay any such restitution that remains unpaid at the commencement of the term of supervised release," which is scheduled to begin in September 2004.

The court held a restitution hearing on November 17, 1999, to determine the identify of Dahlman's victims and the amount of restitution. The court's restitution award totaled nearly $4 million. Dahlman has apparently been making the required installment payments. According to the government, he has paid more than $127,000 in restitution during the first 24 months of his sentence, obviously paid at a rate averaging well in excess of $250 a month.

Two years after the court ordered restitution, the government requested that Dahlman be ordered to turn over the more than $250,000 in his 401(k) account by filing a motion entitled "Motion For Restitution From 401(k) Account," purportedly brought under 18 U.S.C. § 3583. The court granted the government's motion, even though it did not conduct a hearing or provide Dahlman with counsel as required before modifying the terms of supervised release. *See* Fed.R.Crim.P. 32.1.

Shortly thereafter, Dahlman filed a motion purportedly brought under Federal Rule of Civil Procedure 60(b) asking the court to vacate the underlying 1999 restitution award because, Dahlman argued, the court lacked jurisdiction to order restitution. The court denied Dahlman's Rule 60(b) motion.

■ We first examine Dahlman's challenge to restitution itself. Dahlman's premise is that the district court lacked jurisdiction to order recompense to his victims. The MVRA requires a sentencing judge to impose restitution within 90 days of sentencing, 18 U.S.C. § 3664(d)(5), not 98 days as was the case here. The district court denied Dahlman's contention on the merits, a position for which the court had precedent, *see United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir.2000) (missing the 90–day limit does not deprive a sentencing court of jurisdiction to impose restitution under the MVRA); *United States v. Grimes*, 173 F.3d 634, 639 (7th Cir.1999) ("the intended beneficiaries [of the MRVA] are the victims, not the victimizers"), but no power to decide.

The difficulty for Dahlman is that he waited until 2002 to contest a restitution order entered in 1999, and as a consequence the district court had no continuing jurisdiction to hear his complaint. As we have explained, a district court's power to revisit a sentence once imposed is extremely limited. *See United States v. Vega*, 241 F.3d 910, 911–12 (7th Cir.2001) (per curiam). Federal Rule of Civil Procedure 60(b), the rule under which Dahlman brought his motion, does not grant the court power to revise his sentence; it permits relief from civil judgments due to mistakes, inadvertence, neglect, fraud, or newly discovered evidence. Nor do the rules of criminal procedure offer Dahlman an opportunity to attack his sentence—the relevant rules require motions be filed within seven days of sentencing, Fed.

R.Crim.P. 34, 35, or apply only to clerical mistakes, Fed.R.Crim.P. 36. Another potential means of attacking a sentence is by filing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. But motions under that statute cannot be used to challenge an order of restitution. *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997). The district court therefore lacked jurisdiction to consider Dahlman's motion attacking his sentence and should have simply dismissed it.

■ We now turn to Dahlman's appeal of the order requiring him to relinquish his 401(k) account. The government argues that we lack jurisdiction to consider his appeal because he waited too long to file it. In support, the government cites Federal Rule of Appellate Procedure 4(b)(1), which gives criminal defendants ten days to appeal. In order to understand whether the ten-day limit in rule 4(b)(1) applies, we must examine the nature of the government's motion and the court's order. The government contends that the court altered Dahlman's sentence by modifying his conditions of supervised release under § 3583.

But the relief the government sought and received—a turnover order—is relief available under 18 U.S.C. § 3613, which permits the court to enforce restitution awards. *See* 18 U.S.C. § 3613(a), (f) (restitution awards may be enforced using the same practices and procedures available to enforce civil judgments). The procedures the government and the court followed also undermine the argument that the court ordered a modification of Dahlman's supervised release conditions. Modifications to conditions of supervised release are permitted only if a defendant first receives a hearing and counsel, Fed. R.Crim.P. 32.1(b); Dahlman received neither. Therefore we construe Dahlman's appeal as being one from an order entered in aid of the government's effort to collect the restitution award rather than an order modifying the conditions of his supervised release, and so his appeal is governed by Rule 4(a)(1), which gave him 60 days to appeal. Fed. R.App. P. 4(a)(1). Dahlman met the 60–day deadline, and thus we have jurisdiction to review the district court's order.

■ Having established that jurisdiction exists, we now examine whether the government was entitled to Dahlman's 401(k) account. Dahlman argues that the government had no right to it because 401(k) accounts are exempt from being collected for restitution. *See* 26 U.S.C. § 401(a)(13) (qualified accounts may not be assigned or alienated); *see also* 18 U.S.C. § 3613(a) (exempting certain property from collection). We do not reach this question because we have a more fundamental concern with the court's turnover order. The government has never explained under what theory it was entitled to immediately collect money from Dahlman. At sentencing in 1999, the district court declined to exercise its discretion to order immediate payment of restitution in full. *See* 18 U.S.C. § 3664(f)(3). Under the installment option the court selected, *see id.,* Dahlman is not required to pay any more than $250 per month, at least until September 2004 when he is eligible for supervised release and may have to pay the entire balance (although the court's sentencing order is ambiguous on that point). Perhaps the government believes it is entitled to accelerated payments, but its motion did not assert that Dahlman is behind in his payments or request an adjustment to the payment schedule. *See* 18 U.S.C. § 3664(k). To the contrary, as noted earlier it appears that Dahlman has paid in excess of the amount required under his court-ordered installment plan, and if the installment schedule set by the sentencing

court in 1999 has since been modified, the government has not made us aware of the change.

Given the government's failure to explain why it is entitled to immediate possession of Dahlman's 401(k) account, we vacate the turnover order. Accordingly, Dahlman's remaining arguments are moot.

For the preceding reasons, in case no. 02–2179 we VACATE the district court's order denying Dahlman's Rule 60(b) motion, and REMAND with instructions to the district court to dismiss Dalhman's Rule 60(b) motion for lack of jurisdiction; in case no. 02–1345 we VACATE the district court's order that Dahlman turn over the proceeds of his 401(k) plan and REMAND for further proceedings.