UNITED STATES of America

v.

Todd Allen FELDMAN

No. CV 04–2359–MMM(RCx).

United States District Court, C.D. California.

June 16, 2004.

Brent A. Whittlesey, Los angeles, CA, for Plaintiff.

Michael J. Partos, Cozen O'Connor, Los Angeles, CA, for Defendant.

**PROCEEDINGS: ORDER DENYING DEFENDANT'S MOTION TO DISMISS JUDGMENT DEBTOR EXAMINATION, FOR PROTECTIVE ORDER, OR FOR CONTINUANCE OF JUDGMENT DEBTOR EXAMINATION UNTIL AFTER DEFENDANT'S RELEASE FROM PRISON**

Chapman, United States Magistrate Judge.

On April 6, 2004, upon application of the United States ("the Government"), defendant Todd Allen Feldman was ordered to appear on May 27, 2004, for a judgment debtor examination under Rule 69 and California Code of Civil Procedure ("C.C.P.") § 708.110. On May 24, 2004, defendant filed an ex parte application for an order to dismiss the action, for a protective order or, in the alternative, for a continuance of the judgment debtor examination.[1] Defendant did not appear on May 27, 2004, and the Court converted sua sponte the ex parte application into a motion, ordered the Government to file an opposition and defendant to file a reply, and set a hearing for June 16, 2004. The Government's opposition was filed on June 2, 2004, and defendant filed his reply on June 8, 2004.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on June 16, 2004. Brent Whittlesey, Assistant United States Attorney, appeared on behalf of the Government and Michael J. Partos, attorney-at-law with the firm Cozen O'Connor, appeared on behalf of the defendant; however, defendant was not present.

**BACKGROUND**

On January 26, 2004, defendant pleaded guilty to, and was convicted of, fourteen counts of mail fraud in violation of 18 U.S.C. § 1341. On March 29, 2004, he was sentenced to 24 months imprisonment and three years supervised release and was ordered to pay restitution in the amount of $685,202.27, to "be paid in full no later than 90 days after sentencing," and a special assessment of $700. The defendant appealed his sentence to the Ninth Circuit, where it is currently pending. According to the Government, the Bureau of Prisons ("BOP") has set July 17, 2004, as the defendant's release date. Opposition at 2:11–14.

**DISCUSSION**

**I**

The defendant was ordered to pay restitution under the authority of the Victim and Witness Protection Act ("Victim Act"), 18 U.S.C. § 3663, as modified by the Mandatory Victim Restitution Act ("Restitution Act"). See 18 U.S.C. § 3663(d)("An order of restitution made pursuant to [Section 3663] shall be issued and enforced in accordance with section 3664."). Under Section 3664, "[a]n order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 [§§ 3571–3574] and subchapter B of chapter 229 [§§ 3611–3615] of this title; or ... by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Specifically, "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); see also 18 U.S.C. § 3613(f) ("In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.").[2] Neither party disputes

---

**1.** Defendant's papers include a plethora of contentions and claims, none of which have merit. Since it would be too time consuming to address all of defendant's contentions the Court has addressed only the major ones.

**2.** Federal Rule of Civil Procedure 69 governs enforcement of judgment proceedings in federal courts. *Hilao v. Estate of Marcos,* 95

California judgment debtor law is applicable here.

■ Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.,* 33 Cal.App.4th 540, 546–47 39 Cal.Rptr.2d 432 (1995); C.C.P. §§ 708.110–708.205. Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," *Hooser v. Superior Court,* 84 Cal.App.4th 997, 1002, 101 Cal.Rptr.2d 341 (2000), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Troy v. Superior Court,* 186 Cal. App.3d 1006, 1014, 231 Cal.Rptr. 108 (1986).

## II

■ Defendant did **not** appear for his judgment debtor examination on May 27, 2004, and it did not take place. Nevertheless, defendant adamantly contends this Court lacks personal jurisdiction over him under Rule 12(b)(2)[3] because the Government failed to properly serve him with a copy of Order setting the judgment debtor examination for May 27, 2004. Specifically, defendant claims he was never personally served with process, as required by California law. C.C.P. §§ 415.10, 708.110(d).[4] Ex Parte Application at 2:24. In response, the Government argues it served defendant's attorney of record because defendant is incarcerated. Opposition at 4:14–20.

This Court notes, as an initial matter, that neither party has filed any declarations or provided any evidence to support its position and neither party has cited any authority addressing whether service on an incarcerated defendant's attorney is sufficient. In any event, this issue is moot since defendant was not examined on May 27, 2004, and there is no reason why the Government cannot personally serve defendant with notice of any future examination.[5]

■ Moreover, the Government's request to set a judgment debtor examination of defendant does not constitute the commencement of a new civil action against defendant, despite the fact that for administrative purposes the debtor exami-

---

F.3d 848, 851 (9th Cir.1996). In significant part, Rule 69 provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, *in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.*

Fed.R.Civ.P. 69(a) (emphasis added).

3. Fed.R.Civ.P. 12(b)(2) governs a motion to dismiss for lack of personal jurisdiction. "Where [a] defendant[ ] move[s] to dismiss a complaint for lack of personal jurisdiction, plaintiff[ ] bear[s] the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1108 (9th Cir.2002); *Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001).

4. Under California law, "[t]he judgment creditor shall personally serve a copy of the order [for the examination] on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in [C.C.P.] Section 415.10." C.C.P. § 708.110(d). Section 415.10 of the Code of Civil Procedure provides, in pertinent part, that "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery." C.C.P. § 415.10.

5. Defendant's attorney, Mr. Partos, has refused to accept service on behalf of defendant.

nation was assigned a new civil case number; rather, the debtor examination is merely a supplemental proceeding attendant to defendant's criminal case and the restitution order entered against defendant in that case. *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1223–26 (7th Cir.1993); *see also* Hogoboom, King, *California Practice Guide: Family Law,* § 18:640 (Rutter 2004) ("A judgment debtor examination is a supplemental remedy to execution, used to ascertain the existence and whereabouts of property available to satisfy a judgment."). As such, this Court has personal jurisdiction over defendant in this supplemental proceeding. *Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.,* 969 F.2d 940, 943 (10th Cir. 1992). Accordingly, there is no merit to defendant's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, and the motion should be denied.

## III

■ Defendant also moves for a protective order, making numerous unmeritorious arguments. First, defendant contends the Government has no standing to conduct the judgment debtor examination since it is not a judgment creditor under the district court's judgment, which identified British Airways as the victim of defendant's fraud and ordered restitution to be paid to British Airways. *See* C.C.P. § 708.110(a) ("The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court ... at a time or place

specified in the order, to furnish information to aid in enforcement of the money judgment.").[6] Again, defendant cites no authority for his contention, and, as set forth above, Section 3664(m)(1)(A) allows the Government to enforce any order of restitution. Additionally, federal law **requires** the Attorney General to collect any unpaid restitution, even when the restitution order is in favor of a private party or victim. *See* 18 U.S.C. § 3612(b)(2)("Not later than ten days after entry of the judgment or order, the court shall transmit a certified copy of the judgment or order to the Attorney General."), (c) ("The Attorney General shall be responsible for collection of an unpaid fine or restitution concerning which a certification has been issued as provided in subsection (b)."); *see also United States v. Phillips,* 303 F.3d 548, 551 (5th Cir.2002) ("Under the [Restitution Act], the attorney general is required to enforce a[ny] victim restitution order."), *cert. denied,* 537 U.S. 1187, 123 S.Ct. 1253, 154 L.Ed.2d 1018 (2003); *United States v. Timilty,* 148 F.3d 1, 5 (1st Cir.1998) (holding "state law enforcement procedures are available and appropriate where the government seeks to enforce restitution orders for sums owed to private parties").

■ Second, defendant contends he cannot be required to attend a judgment debtor examination in California because he resides in Spain, and his examination has been noticed for a location more than 150 miles from his residence.[7] Here, the judg-

---

**6.** California law defines a "judgment creditor" as:

[a] person in whose favor a judgment is rendered or, if there is an assignee of record, ... the assignee of record. Unless the context otherwise requires, the term also includes the guardian or conservator of the estate, personal representative, or other successor in interest of the judgment creditor or assignee of record.

C.C.P. § 680.240.

**7.** Under California law:

(a) Except as otherwise provided in this section, the proper court for examination of a person under this article is the court in which the money judgment is entered.

(b) A person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business

**1118**

ment lists defendant's residence as the Metropolitan Detention Center ("MDC"), 535 N. Alameda St., Los Angeles, CA, 90012. Using this address, defendant's contention is without merit. Nevertheless, defendant states he did not change his residence to MDC by virtue of his incarceration there, citing *Hillman v. Stults,* 263 Cal.App.2d 848, 872, 70 Cal.Rptr. 295 (1968) for the proposition that "[p]risoners do not gain or lose residence as a result of being removed to the prison system." Assuming arguendo Spain is defendant's "residence" for purpose of a judgment debtor examination, that assumption does not benefit defendant since C.C.P. § 708.160(b) does not apply to a foreign-based defendant. *Bates v. International Co. of Mexico,* 84 F. 518, 526 (C.C.S.D.Cal. 1898). Therefore, a judgment debtor examination under California law is proper in this Court. C.C.P. § 708.160(a).

▮ Third, defendant contends the debtor examination may not occur while the criminal judgment against him is on appeal. However, "an order of restitution is a final judgment notwithstanding the fact that ... such a sentence can subsequently be ... appealed and modified...." 18 U.S.C. § 3664(*o*)(1)(B). Moreover, neither this Court nor the

Ninth Circuit has stayed the restitution order. Therefore, the judgment debtor examination is not premature merely because defendant has filed an appeal.[8]

▮ Fourth, defendant claims that because he was extradited to the United States to face *criminal* charges arising from his fraud against British Airways,[9] he cannot be subjected to a *civil* debt collection proceeding. There is no merit to this claim since, as defendant freely admits, the restitution order is part of the criminal judgment against defendant, which arises from the criminal charges for which defendant was extradited from Spain. *Cf. United States v. Mindel,* 80 F.3d 394, 397 (9th Cir.1996) ("[T]he policy of criminal restitution is penal and not compensatory.").

▮ Fifth, defendant contends the judgment debtor examination would violate his right against self-incrimination because he has "a legitimate fear that any substantive testimony he provides at the examination could very likely result in criminal prosecution against him...." Ex Parte Application at 6:24–8:2. In the judgment debtor context, "the invocation of the privilege [against self-incrimination] is limited to those circumstances in which the person invoking the privilege reasonably believes

to the place of examination is less than 150 miles.

(c) If a person sought to be examined does not reside or have a place of business in the county where the judgment is entered, a court of similar jurisdiction in the county where the person resides or has a place of business is a proper court for examination of the person. If there is no court of similar jurisdiction in the county, a court of higher jurisdiction is a proper court.

C.C.P. § 708.160(a-c).

8. If the Ninth Circuit on appeal vacates in whole or in part the restitution order, once subsequent judgment becomes final, defendant can seek remission of the funds from the Government. *United States v. Sparkman,* 2004 WL 935512, *2, n. 7 (N.D.Tex.).

9. Pursuant to Fed.R.Evid. 201, this Court takes judicial notice that the current extradition treaty between the United States and Spain was signed on May 29, 1970, and entered into force on June 16, 1971, with supplemental extradition treaties entering into force on June 2, 1978 (signed January 25, 1975), July 2, 1993 (signed February 9, 1988), and July 25, 1999 (signed March 12, 1996). It provides, in relevant part, that "[a] person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted ... [with certain exceptions]." Extradition Treaty Between the United States and Spain, 22 U.S.T. 737 (1971).

that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir.2000); *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir.1995) (per curiam).

 Moreover, the privilege against self-incrimination "normally is not asserted properly by merely declaring that an answer will incriminate." *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir.1981) (internal quotation marks omitted). Instead, "[a] proper assertion of a Fifth Amendment privilege requires, at a minimum, a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." *Davis v. Fendler*, 650 F.2d 1154, 1159 (9th Cir.1981). "[I]t need only be evident from the implication of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S. 479, 486–7, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951); *Davis*, 650 F.2d at 1159. If the court "decides that no threat of self-incrimination is evident, the defendant then bears the burden of showing the danger of incrimination." *Davis*, 650 F.2d at 1159–60; *Baker*, 647 F.2d at 917.

 Here, defendant's attempt to assert a blanket self-incrimination privilege is not acceptable. *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir.1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55

L.Ed.2d 516 (1978). Rather, "[t]he only way the privilege [against self-incrimination] can be asserted is on a question-by-question basis, and· thus, as to each question asked, the party has to decide whether or not to raise his Fifth Amendment right." *Doe*, 232 F.3d at 1263; *Bodwell*, 66 F.3d at 1001. The defendant "must 'present himself for questioning, and as to each question elect to raise or not to raise the defense. The District Court may then determine by considering each question whether, in each instance, the claim of self-incrimination is well-founded.'" *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir.1996) (quoting· *United States v. Bell*, 448 F.2d 40, 42 (9th Cir.1971)).

 To the extent defendant argues he is entitled to raise a Fifth Amendment privilege due to his fear he might be subject to a perjury charge for his testimony at the judgment debtor examination, the Court advises defendant:

> A witness may not claim the privilege of the [F]ifth [A]mendment out of fear that he will be prosecuted for perjury for what he is about to say. The shield against self-incrimination in such a situation is to testify truthfully, not to refuse to testify on the basis that the witness may be prosecuted for a lie not yet told.

*United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir.1998) (citation omitted), *cert. denied*, 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986).

 Finally, defendant asserts that since he is not required to make payment on the restitution until June 28, 2004, any judgment debtor examination prior to that time is premature.[10] This claim is moot in

10. Defendant cites only an unpublished Seventh Circuit opinion—*United States v. Dahlman*, 61 Fed.Appx. 253 (7th Cir.Wis.)—to support his claim. Neither the Ninth Circuit nor the Seventh Circuit allows the citation of their unpublished opinions. *See* Ninth Circuit Rule 36–3(b) ("Unpublished dispositions and orders of this court may not be cited to or by

the courts of this circuit", except [under the doctrines of law of the case, res judicata, or collateral estoppel, or for factual purposes, "such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case", or in a request for publication of the order, or for a rehearing, or to show an intracircuit con-

light of the rescheduling of the judgment debtor examination for July 1, 2004. However, even if this claim was not moot, it has not merit. Here, the restitution Order provides that "[r]estitution shall be paid *in full no later than* 90 days after sentencing" (emphasis added). Clearly, "no later than" means that the restitution is due and payable immediately, but defendant does not become delinquent on his obligation unless it is not paid in full by June 28, 2004. Under these circumstances, it would not have been premature to hold a judgment debtor examination prior to June 28, 2004. *See* 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993) ("[A] restitution order is enforceable as a lien upon *all* of the defendant's property at the time judgment is entered." (emphasis in original)).

**IV**

 Although defendant boldly asserts that delaying the judgment debtor examination until after his release from prison would work no prejudice to the United States, the Court does not know that. In fact, to date, defendant has not made even partial restitution; thus, this Court would be remiss to assume full payment will be forthcoming from defendant by June 28, 2004. To allow defendant to delay the judgment debtor examination until after his release from prison would be to turn a blind eye to the very real possibility defendant will flee to Spain when released from prison, thus making it extremely difficult, if not impossible, for the United States to collect the restitution defendant owes his victim.

**ORDER**

Defendant's motion to dismiss the judgment debtor examination, for a protective order, or to continue the judgment debtor examination until defendant is released from prison **IS DENIED.**

---

flict].); Seventh Circuit Rule 53(b)(iv) ("Except to support a claim of res judicata, collateral estoppel or law of the case, [unpublished orders] shall not be cited or used as precedent ... in any federal court within the circuit in any written document or in oral argument; or ... by any such court for any purpose.").

Apart from improperly citing an unpublished Seventh Circuit opinion, defendant's authority is easily distinguishable since, here, there is no evidence defendant has paid (or intends to pay) even one cent of the restitution he owes; whereas, Dahlman made substantial partial payment under his restitution order.