### Gladys Mily Casanova ALCALDE

v.

### NAC REAL ESTATE INVESTMENTS & ASSIGNMENTS, INC., et al.; and related counterclaims.

#### No. CV 06–0794–FMC(RCx).

United States District Court,
C.D. California.

Aug. 4, 2008.

Jeffrey J. Daar, for Plaintiff.

---

120. Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Def.'s Mem.") at 20.

1. The Order to Show Cause also ordered: judgment debtors NAC and Cueva to provide proof to the Court of "admissible evidence from a medical healthcare provider" in the

### CIVIL MINUTES—GENERAL

ROSALYN M. CHAPMAN, United States Magistrate Judge.

**PROCEEDINGS: ORDER GRANTING JUDGMENT CREDITOR'S REQUEST TO CERTIFY FACTS TO DISTRICT JUDGE RE CONTEMPT**

On May 23, 2007, this Court held a hearing on judgment creditor's request for an Order to Show Cause why judgment debtors NAC Real Estate Investments & Assignments, Inc. ("NAC") and Nancy Amparo Cueva ("Cueva") each should not be adjudged in contempt of Court for willfully disobeying: (1) this Court's Order of April 4, 2007, that they, separately, no later than April 13, 2007, "serve written, verified responses (without objection)" to judgment creditor's First Sets of Post–Judgment Requests for Production of Documents and produce responsive documents; and (2) this Court's Order of April 4, 2007, that they, separately, appear for a judgment debtor examination on April 18, 2007, at 9:30 a.m., before this Court.[1] To support the issuance of the Order to Show Cause, on April 17, 2007, judgment creditor filed the first declaration of her counsel, Jeffery J. Daar ("Daar Decl. I"), and on April 26, 2007, judgment creditor filed the second declaration of Mr. Daar ("Daar Decl. II"). Judgment debtors NAC and Cueva did not file any response to the Order to Show Cause and NAC, Cueva and their counsel, Rene W. Sanz ("Sanz"), failed to appear at the hearing on the Order to Show Cause. However, Jeffery

---

event they asserted any defense to the Order to Show Cause "based on the health" of Cueva; and judgment debtor Cueva to "produce a copy of her passport, as well as all documents showing any travel by [her] out of the United States during the period of February 28, 2007 through the date of May 23, 2007." (Docket no. 88).

J. Daar, attorney-at-law with the firm Daar & Newman, appeared on behalf of the judgment creditor.[2]

## DISCUSSION

### I

"Examination proceedings (also called proceedings in aid of execution or supplementary proceedings) are one of several special procedures designed to aid judgment creditors. They permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal.App.4th 540, 546–47, 39 Cal.Rptr.2d 432 (1995); *United States v. Feldman*, 324 F.Supp.2d 1112, 1116 (C.D.Cal.2004). Debtor examinations are intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor," *Hooser v. Superior Court*, 84 Cal. App.4th 997, 1002, 101 Cal.Rptr.2d 341 (2000), and "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Troy v. Superior Court*, 186 Cal.App.3d 1006, 1014, 231 Cal.Rptr. 108 (1986); *Feldman*, 324 F.Supp.2d at 1116.

Federal Rule of Civil Procedure 69 governs the enforcement of judgment proceedings in the federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir.1996). In significant part, Rule 69 provides, "[t]he procedure on execution—and in proceedings supplementary to and in aid

of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R.Civ.P. 69(a)(1). Rule 69 further states:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed.R.Civ.P. 69(a)(2). California law defines a "judgment creditor" as "the person in whose favor a judgment is rendered. ..." C.C.P. § 680.240. Here, an Amended Judgment was entered on February 2, 2007, in favor of plaintiff "on all her causes of action and on all causes of action asserted in defendants and counterclaimants['] ... counterclaims [except] ... [plaintiff's] second cause of action[, which was] dismissed without prejudice...." (Docket no. 52). Specifically, plaintiff was awarded $161,440.00 against defendant NAC, $40,152.00 against defendants NAC and Cueva, jointly and severally, attorney's fees in the amount of $74,782.50, costs in the amount of $2,652.60 and post-judgment interest. (Docket nos. 52, 60 & 75).[3] Thus, plaintiff is a judgment creditor within the meaning of Rule 69, and she can examine the judgment debtors, NAC and Cueva.

California law provides this Court may issue an order for the examination of a judgment debtor upon an ex parte application by a judgment creditor "[i]f the judg-

**2.** The Court then held the record open for judgment creditor to file a declaration setting forth her reasonable attorney's fees and costs; however, no declaration was filed, and, unfortunately, the Court then misplaced the file in this matter without issuing its decision regarding judgment creditor's request to certify facts to the District Judge re judgment debtors' contempt. When this was called to the

Court's attention, the Court requested judgment creditor file a renewed request for Order to Show Cause re Contempt, which judgment creditor filed on July 29, 2008.

**3.** On April 9, 2007, NAC and Cueva appealed the Judgment to the Ninth Circuit. (Docket no. 77).

ment creditor has not caused the judgment debtor to be examined ... during the preceding 120 days...." C.C.P. § 708.110(b). The judgment creditor must "personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in [C.C.P.] Section 415.10...." C.C.P. § 708.110(d). The judgment creditor may also propound discovery to the judgment debtor, including requests for production and/or inspection of documents. *See,* e.g., Fed. R. Civ. p. 34, 69; C.C.P. §§ 708.010 et seq.

A judgment debtor may be held in contempt of court for failing to appear at the debtor examination in defiance of a court order to do so. C.C.P. § 708.170(a)(1)(A); *see also Baker v. Limber,* 647 F.2d 912, 919 (9th Cir.1981) ("A judgment-debtor's refusal to answer questions in a Rule 69 proceeding normally would justify a court's exercise of its contempt power."). Moreover, "[i]f the person's failure to appear is without good cause, the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding" and these fees "shall be added to and become part of the principal amount of the judgment." C.C.P. § 708.170(a)(2).

Contempt proceedings are instituted by the issuance of an Order to Show Cause ("OSC") why a contempt citation should not issue and a notice of a date for the hearing. Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* at ¶ 11:2316. A civil contempt proceeding is considered a "trial" within the meaning of Rule 43(a), which means that oral testimony is required. *Pennwalt Corp. v. Durand–Wayland, Inc.,* 708 F.2d 492, 495 (9th Cir.1983); Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* at ¶ 11:2317. "To distinguish civil from criminal contempt, the focus of the inquiry is often 'not [upon] the fact of the punishment but rather its character and purpose.' " *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir.1983) (citations omitted); *Shillitani v. United States,* 384 U.S. 364, 369, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966). "The primary purpose of criminal contempt is to punish past defiance of a court's judicial authority, thereby vindicating the court[,]" whereas "[c]ivil contempt is characterized by the court's desire to compel obedience to a court order, ... or to compensate the contemner's adversary for the injuries which result from the noncompliance." *Falstaff,* 702 F.2d at 778; *Shillitani,* 384 U.S. at 370, 86 S.Ct. at 1535. "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.' " *Federal Trade Comm'n v. Enforma Natural Prods., Inc.,* 362 F.3d 1204, 1211 (9th Cir.2004) (quoting *Federal Trade Comm'n v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir. 1999)); *Go–Video, Inc. v. Motion Picture Ass'n of America,* 10 F.3d 693, 695 (9th Cir.1993).

As set forth below in the certified facts, judgment debtors NAC and Cueva have willfully violated orders of this Court setting their debtor examinations and requiring them to produce documents to the judgment creditor; thus, both NAC and Cueva have acted contumaciously. *See,* e.g., *In re Grand Jury Proceedings,* 801 F.2d 1164, 1166–70 (9th Cir.1986) (per curiam) (affirming contempt order for failure to comply with subpoena to produce records); *United States v. Metro. Disposal Corp.,* 798 F.2d 1273, 1274 (9th Cir.1986) (affirming contempt order for failure to comply with subpoena duces tecum and wilfully violating district court's order to produce documents). Specifically, the Court certifies the following facts:

1. Judgment debtors NAC and Cueva each willfully failed to comply with an Order filed April 4, 2007, setting their judgment debtor examinations on April 18, 2007, by failing to appear for their examinations;

2. Judgment debtors NAC and Cueva each willfully failed to comply with an Order filed April 4, 2007, requiring them to produce documents to judgment creditor, no later than April 13, 2007; and

3. As a result of these post-judgment proceedings, judgment creditor has incurred reasonable attorney's fees and costs in an amount to be determined.

## II

Pursuant to 28 U.S.C. § 636(e)(6), Magistrate Judge Rosalyn M. Chapman **HEREBY CERTIFIES** the following facts to District Judge Florence–Marie Cooper to consider in determining whether judgment creditors NAC Real Estate Investments & Assignments, Inc. and Nancy Amparo Cueva should each be held in contempt:

1. On February 28, 2007, judgment creditor served NAC and Cueva, separately, through their counsel of record Sanz, with her First Sets of Post–Judgment Requests for Production of Documents, seeking the production of documents on April 2, 2007, at the offices of judgment creditor's counsel. Daar Decl. II ¶¶ 5–6, Exhs. 4–5. Judgment debtors NAC and Cueva

have not made timely objections to these requests; thus, any objections are deemed waived. Fed.R.Civ.P. 34(b)(2); C.C.P. § 2031.300(a); *see also Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir.) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), *cert. dismissed,* 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992).

2. On March 6, 2007, Judge Chapman ordered judgment debtors NAC and Cueva, separately, to attend their judgment debtor examinations before Judge Chapman on April 4, 2007, at 9:30 a.m. (Docket nos. 66 & 67).[4]

3. On April 3, 2007, judgment debtors' counsel Sanz agreed to accept service of process of documents regarding post-judgment relief on behalf of judgment debtors NAC and Cueva, stating: "I will accept any and all notices in the future on behalf of my client concerning this litigation." Daar Decl. II ¶ 11, Exh. 8. Judgment creditor's counsel then queried Sanz to "confirm that you and your client [s] are agreeing that all such service(s) should only be directed to you and not to NAC and Ms. Cueva and that service by mail is an acceptable manner of service." *Id.* Further, judgment creditor's counsel queried Sanz whether "[t]his would include any post-judgment discovery, including orders regarding any debtor's examination." *Id.* In response, Sanz stated: "Yes. I will accept service for all matters." [5] *Id.*

---

**4.** Judgment creditor did not personally serve these Orders on NAC and Cueva, and she did not serve judgment debtors' counsel Sanz with these Orders until April 6, 2007. Daar Decl. II ¶ 8. Nevertheless, judgment debtors NAC and Cueva had actual knowledge of these Orders. *See* Finding 4.

**5.** This agreement does not satisfy the literal requirements of C.C.P. § 684.020, which provides:

(a) Except as provided in subdivision (b), when a writ, notice, order, or other paper is required to be served under this title on the judgment debtor, it shall be served on the judgment debtor instead of the attorney for the judgment debtor.

(b) The writ, notice, order, or other paper shall be served on the attorney specified by the judgment debtor rather than on the judgment debtor if all of the following requirements are satisfied:

4. On April 3, 2007, judgment debtors NAC and Cueva, through their counsel Sanz, filed an ex parte application to continue their debtor examinations scheduled for April 4, 2007. (Docket no. 81). Attached to the ex parte application was the declaration of Cueva, in which she stated that "[d]ue to a[sic] three weeks of pain I had an exploratory medical intervention March 30, 2007, at Specialty Surgical Center of Wilshire of Beverly Hills as per the instructions of my Dr. Payman Khorrami.... I am not in the physical condition to be present at the Debtor's examination exam [sic] scheduled April 4, 2007." *Id.* Additionally, the ex parte application indicated a letter had been faxed to judgment creditor's counsel "informing him that under the above-mentioned circumstances debtor[s] Nancy Cueva and NAC were unable to provide the documents requested." *Id.* The ex parte application and accompanying declaration demonstrate the judgment debtors had actual notice of the debtor examinations and document requests. *See also* Declaration of Jeffrey J. Daar in Support of Judgment Creditor's Opposition to Judgment Debtor's Ex Parte Application (Docket no. 82), ¶¶ 5–11, Exhs. 1–7.

5. Judgment creditor opposed judgment debtors' ex parte application, arguing it was "nothing more than a delay tactic by a judgment debtor." (Docket no. 82). Nevertheless, judgment creditor alternatively requested the Court issue an Order that judgment debtors NAC and Cueva must respond without objection, and produce documents responsive, to her First Set of Post–Judgment Requests to Produce Documents by April 13, 2007. (Docket no. 82).

6. On April 4, 2007, this Court granted judgment debtors' ex parte application for a continuance of their debtor examinations, and ordered the debtor examinations of NAC and Cueva, separately, be continued to April 18, 2007, at 9:30 a.m., before Judge Chapman. (Docket no. 73).[6] This Court also ordered judgment debtors NAC and Cueva, separately, to "serve written, verified responses (without objection) to judgment creditor['s] First Set of Post–Judgment Requests for Production of Documents" and to produce all responsive documents to judgment creditor no later than April 13, 2007, at 10:00 a.m. (*Id.*). Finally, this Court found "[s]ervice of this Order on NAC and Cueva's counsel of record is sufficient for purposes of any formalities of

(1) The judgment debtor has filed with the court and served on the judgment creditor a request that service on the judgment debtor under this title be made by serving the attorney specified in the request. Service on the judgment creditor of the request shall be made personally or by mail. The request shall include a consent, signed by the attorney, to receive service under this title on behalf of the judgment debtor.

(2) The request has not been revoked by the judgment debtor.

(3) The consent to receive service has not been revoked by the attorney.

C.C.P. § 684.020; *see also* C.C.P. § 684.030 (C.C.P. § 684.020 does not apply to a "subpoena or other process to require the attendance of a party" or a "paper to bring a party into contempt"). Nevertheless, since the purpose behind C.C.P. § 684.020 is to ensure the

judgment debtor has actual knowledge of the enforcement proceedings, *see* Ahart, *California Practice Guide: Enforcing Judgments and Debts,* ¶ 6:106 (2008 rev.) ("The Code makes it quite clear that service on the judgment debtor's attorney must be expressly authorized by the debtor and agreed to by the debtor's attorney. It is not enough that the attorney remains 'attorney of record' after the judgment is entered. [¶] Reason: This ensures that the debtor receives actual notice— e.g., where debtor's counsel has not been paid or no longer represents the debtor."), and since the judgment debtors here clearly had such actual knowledge, the Court will certify this matter for a contempt proceeding.

6. On April 13, 2007, judgment debtors NAC and Cueva filed a Notice of Appeal challenging this Order. (Docket no. 78).

service on NAC and Cueva regarding this Order, the post-judgment requests for production of documents, and the debtor's examination." (*Id.*).

7. On April 6, 2007, judgment creditor served, by facsimile and United States mail, on judgment debtors' counsel Sanz the Order of April 4, 2007, requiring judgment debtors NAC and Cueva, separately, to produce documents to judgment creditor no later than April 13, 2007, and continuing the debtor examinations of NAC and Cueva to April 18, 2007. Daar Decl. II ¶ 8. At the same time, judgment creditor served on Sanz the initial Orders of March 6, 2007, setting the judgment debtor examinations of NAC and Cueva, separately, on April 6, 2007. (Finding 2).

8. On April 18, 2007, the judgment debtor examinations of NAC and Cueva came on regularly for hearing before Judge Chapman; however, neither NAC, Cueva nor judgment debtors' counsel Sanz appeared. (Docket no. 79).

9. As of April 25, 2007, judgment creditor had not received any documents responsive to her First Set of Post–Judgment Requests for Documents from either NAC or Cueva. Daar Decl. II ¶ 9.

10. On April 26, 2007, judgment creditor filed a Request for Issuance of an Order to Show Cause Re Contempt against judgment debtors NAC and Cueva for failing to comply with the Orders of April 4, 2007, by failing to appear at their debtor examinations on April 18, 2007 (Finding no. 8) and by failing to produce documents to judgment creditor by April 13, 2007 (Finding no. 9), and set the matter for hearing before Judge Chapman on May 23, 2007, at 9:30 a.m. (Docket no. 88). Judgment debtors NAC and Cueva did not file any opposition to judgment creditor's request for issuance of an Order to Show Cause re Contempt.

11. On May 23, 2007, at 9:30 a.m., the Order to Show Cause re Contempt came on regularly for hearing before Judge Chapman. Neither judgment debtor NAC nor Cueva nor judgment debtors' counsel Sanz appeared at the hearing.[7] (Docket no. 93).

## ORDER

1. Judgment Creditor's motion to certify facts re contempt to District Judge Florence–Marie Cooper against judgment debtors NAC Real Estate Investments & Assignments, Inc. and Nancy Amparo Cueva **IS GRANTED.**

2. Judgment debtors NAC Real Estate Investments & Assignments, Inc. and Nancy Amparo Cueva **ARE HEREBY ORDERED to** Show Cause why they should not be found in civil contempt or criminal contempt based upon the facts this Court has certified. A hearing on the Order to Show Cause shall take place before District Judge Florence–Marie Cooper on September 10, 2008, at 2:30 p.m. in Courtroom 750, the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012, Courtroom 750. If judgment debtors object to being held in civil or criminal contempt, they shall, jointly or severally, file a legal memorandum of points and authorities containing their objections no later than August 20, 2008, and judgment creditor may file a response or memorandum supporting contempt no later than August 27, 2008.

3. Judgment creditor shall promptly **personally serve** this Order on judgment debtors NAC Real Estate Investments &

---

7. The Court grants judgment creditor's motion to certify facts based on the events discussed herein; however, the Court does not certify facts regarding events after May 23, 2007. In that regard, the Court finds the declaration of Jonathan F. Sher to be insufficient to support a contempt citation for events occurring after May 23, 2007.

Assignments, Inc. and Nancy Amparo Cueva, as well as serve this Order by facsimile, e-mail or mail on judgment debtors' counsel of record, Rene W. Sanz.