**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramona VEGA, Defendant–Appellant.**

**No. 99–1409.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 9, 2000.

Decided March 2, 2001.

Susan Haling (argued), Office of U.S. Atty., Chicago, IL, for Plaintiff.

Joseph R. Lopez (argued), Chicago, IL, for Defendant.

Before POSNER, RIPPLE, and WILLIAMS, Circuit Judges.

PER CURIAM.

Ramona Vega pleaded guilty to distributing cocaine pursuant to a plea agreement in which she "knowingly waive[d] the right to appeal any sentence within the maximum provided in the statute(s) of conviction ... on any ground whatever." The district court granted Vega's motion for a two-level minor-role reduction and entered a judgment sentencing her to 56 months' imprisonment on December 24, 1998. On December 29, the government moved for reconsideration of the sentence, arguing, as it had at the sentencing hearing, that no minor role reduction was warranted because Vega was held accountable only for the quantity of drugs she personally delivered. *See, e.g., United States v. Isienyi,* 207 F.3d 390, 392 (7th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000). The district court agreed, and on February 5, 1999, issued an amended judgment increasing Vega's sentence to 70 months. Vega appealed from this judgment, which was entered on February 10.

18 U.S.C. § 3582(c)(1)(B) prohibits courts from increasing a term of imprisonment after its imposition other than as authorized by Rule 35 of the Federal Rules of Criminal Procedure, and the relevant provision of Rule 35 permits sentencing courts to "correct" a sentence within seven days of its imposition. *See* Fed.R.Crim.P. 35(c). The seven-day limit is jurisdictional, *e.g., United States v. Austin,* 217 F.3d 595, 597 (8th Cir.2000); *United States v.*

*Morrison,* 204 F.3d 1091, 1093 (11th Cir. 2000), and the government concedes that the district court's order purporting to amend Vega's senteńce was entered outside the seven-day limit and thus without legal authority.

The government insists, however, that Vega waived her right to appeal the jurisdictional issue by waiving her right to appeal her sentence. But the government does not explain how the term "sentence," as used in the plea agreement, encompasses the district court's February 10 judgment. The terms of a plea agreement are interpreted according to the parties' reasonable expectations at the time they entered it, *see United States v. Lezine,* 166 F.3d 895, 901 (7th Cir.1999), and here it seems clear that the parties expected the term "sentence" to include only the events of the January 24 sentencing hearing, during which the court had jurisdiction to sentence Vega, and not any later attempt by the court to amend Vega's sentence absent jurisdiction.

Moreover, any attempt to waive this jurisdictional issue in a plea agreement would have been ineffectual because a defendant cannot confer jurisdiction on a court by way of plea agreement. *See United States v. Ruelas,* 106 F.3d 1416, 1418 (9th Cir.1997) (appeal based on absence of jurisdiction not barred by waiver because defendant could not confer jurisdiction on district court); *see also, e.g., Floyd v. Thompson,* 227 F.3d 1029, 1035 (7th Cir.2000) (subject matter jurisdiction can neither be stipulated nor waived).

Because Vega's appeal is outside the scope of her appeal waiver, the district court's judgment is VACATED and the case REMANDED for re-imposition of the original sentence.