**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James L. HAMBLIN, Defendant–
Appellant.**

**No. 02–1176.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Nov. 21, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Thirty-one months after he was sentenced, federal inmate James Hamblin asked the district court to grant him a downward departure under U.S.S.G. § 5H1.4 and allow him to serve the remainder of his prison term on home confinement. The district court dismissed for lack of jurisdiction, and Hamblin appeals. We affirm.

In September 1998 Hamblin pleaded guilty to conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846. As part of his plea agreement, Hamblin waived his right to appeal or collaterally attack his sentence if it was within the statutory maximum. Before his March 1999 sentencing, Hamblin cited health problems in moving for a downward departure under § 5H1.4, but the district court denied this motion and sentenced him to 78 months' imprisonment. Then in October 2001 Hamblin filed his self-styled "Motion for Downward Departure Pursuant to § 5H1.4 United States Sentencing Guidelines," explaining that he suffers from "degenerate [sic] physical conditions and a number of other factors." The government opposed the motion on jurisdictional grounds.

Title 18, United States Code, section 3582(c) permits a sentencing court to modify a prison term only on motion of the Bureau of Prisons, or if authorized by

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

statute or Federal Rule of Criminal Procedure 35, or in response to specific revisions in the sentencing guidelines. 18 U.S.C. § 3582(c); *see United States v. Vega*, 241 F.3d 910, 911–12 (7th Cir.2001) (per curiam); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.1999). None of these triggers applied here, and so the district court lacked jurisdiction even to entertain Hamblin's motion. Moreover, although Hamblin suggests in his reply brief that his lawyer was ineffective in his handling of the departure issue at sentencing, the motion he filed was not brought under 28 U.S.C. § 2255 and the district court was not free to recast it as such. *See Henderson v. United States*, 264 F.3d 709, 711 (7th Cir.2001).

AFFIRMED.