**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lawrence CRAVENS, Defendant–Appellant.**

**No. 02–1665.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Nov. 22, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

Lawrence Cravens asked the district court to modify the portion of his sentence which imposed a fine. He appeals from the order which denied his motion. We affirm.

On May 30, 2001, Cravens was sentenced to a term of imprisonment and a period of supervised release. The sentence included an assessment of $300 and a fine of $2000, without interest. It did not require immediate payment in full or provide a schedule of installments. It did state: "Special assessment shall be paid as soon as possible and fine shall be paid under the Inmate Financial Responsibility Program [IFRP] and during supervised release shall be paid in equal monthly installments." Cravens appealed, but did not raise any argument concerning the failure of the district court to determine the time or times when the fine should be paid. *United States v. Cravens*, 275 F.3d 637 (7th Cir.2001). We affirmed.

On January 23, 2002, Cravens filed a motion in the district court, pointing out the duty of the district court to designate the timing and amount of installment payments on all fines where immediate payment is not required, stating that the IFRP is an illegal and unconstitutional exercise of Article III Judicial Power by a non-Article III Officer, and requesting that the court re-sentence him and set the timing and amount of the fine at $25 per month. The court required the government to answer. Citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999), the government asserted that there was no improper delegation. *McGhee*, however, does not support the government's argument. It was a case where the court imposed a fine due "in full immediately,"

and immediate payment was not required in Cravens' case. The district court denied the motion without comment.

In his brief on appeal, Cravens asserts that at the prison, he has been told to pay half his earnings to apply to his fine, and that this payment would not allow him to provide for his basic needs or some support for his children. He seeks a remand for re-sentencing ordering him to pay no more than $25 per month.

The government concedes that if the merits be reached, the court, under the law in this circuit, erred in delegating its authority to set the amount and timing of payments on the fine. We conclude, however, that the district court had no jurisdiction to correct the error under Federal Rule of Criminal Procedure 35(c). Rule 35(c) authorizes a court to correct a sentence if it acts within seven days after the imposition of sentence. The seven-day limit had long passed, and is jurisdictional. *United States v. Vega*, 241 F.3d 910, 911 (7th Cir.2001). It is true that *Vega* cited 18 U.S.C. § 3582(c)(1)(B), and § 3582 deals with sentences of imprisonment. Section 3572, dealing with fines, is not entirely parallel and does not contain the language in the introductory portion of § 3582(c) prohibiting modification of a sentence except in specified circumstances. Rule 35, however, is not limited to a sentence of imprisonment, and we conclude that its seven-day limit is jurisdictional for modification of a fine as well as of a term of imprisonment.

28 U.S.C. § 2255 would not provide jurisdiction even if Cravens' motion were treated as if filed under that section. He is seeking correction of the part of his sentence imposing a fine and is not claiming the right to be released from custody. We have held that where a sentence includes both fine and imprisonment, and

the person sentenced challenges only the fine, he could not do so by means of § 2255. *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997).

*Barnickel* also pointed out the power of a district court to issue a writ of error *coram nobis,* and that there may be circumstances in which that extraordinary remedy can be used to modify a fine. One reason it could not be used here is that the claim could have been raised on direct appeal, but was not. *Id.*

AFFIRMED.