Jasbir SINGH, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, Respondent,

Jasbir Singh, Appellant,

v.

Andrea J. Quarantillo, District Director, INS Newark Office; Immigration & Naturalization Service; John Ashcroft, Attorney General; Michael Garcia, Commissioner I.N.S.

Nos. 02–4620, 03–3719.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 18, 2004.

Decided Feb. 8, 2005.

Scott E. Bratton, Margaret Wong & Associates, Cleveland, OH, for Petitioner and Appellant.

Douglas E. Ginsburg, John M. McAdams, Jr., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Peter G. O'Malley, Office of United States Attorney, Newark, NJ, Mary Jane Candaux, Arthur L. Rabin, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Appellees.

Before SCIRICA, Chief Judge, McKEE and CHERTOFF,[*] Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Petitioner Jasbir Singh seeks review of the Board of Immigration Appeal's ("BIA") order affirming without opinion the order of an immigration judge ("IJ") denying his waiver of inadmissibility. In addition, we review Singh's appeal of the District Court's order denying his petition for habeas corpus relief.

### I.

#### A. Factual Background

Jasbir Singh is a native and citizen of India who was admitted as a lawful permanent resident on January 9, 1983. Singh is married to a United States citizen with whom he has two children. Singh's mother, father, and one brother are U.S. citizens and his other brother is a lawful permanent resident. They all reside in California. Singh has lived primarily in New York where he worked for a construction company.

In February 1993, Singh accompanied his boss to Pakistan. Upon his return, Immigration and Naturalization Service (INS)[1] officials detained him because Singh did not have proper documentation. At that time, Singh signed a sworn statement that he had been involved in an alien smuggling ring. Subsequently, INS

---

[*] This case was originally submitted to the three-judge panel of Scirica, *Chief Judge,* McKee and Chertoff, *Circuit Judges.* Judge Chertoff subsequently recused. Because the remaining two judges agreed on the opinion and disposition of the case, it was unnecessary to assign a third judge. *Liner v. Phelps,* 731 F.2d 1201 (5th Cir.1984); *Murray v. Nat'l Broadcasting Co.,* 35 F.3d 45 (2nd Cir.1994).

1. Beginning on March 1, 2003, INS became a part of the Department of Homeland Security pursuant to *Homeland Security Act of 2002,* Pub. L. No. 107–296, 110 Stat. 2135 (Nov. 25, 2002).

placed him in exclusion proceedings under § 212(a)(6)(E)(I), which forbids assisting an alien from illegally entering the U.S. In September 1993, Singh failed to appear for his exclusion hearing. The IJ ordered in absentia that Singh be deported.

In January 1995, Singh was arrested for armed robbery. He pled guilty and received a three year jail sentence. INS deported Singh to India in October 1998, six days after an IJ granted Singh's stay of deportation and motion to reopen. Singh remained in India for three years before INS brought him back to the United States for a hearing in September 2001. Because of Singh's intervening conviction for armed robbery, the INS filed an amendment to the charges against Singh to include inadmissibility under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), which denies admission to aliens who have committed crimes of moral turpitude.

Singh sought an INA § 212(c)[2] waiver of inadmissibility. After a hearing, the IJ denied Singh's application in May 2002. Singh appealed to the BIA, which affirmed without opinion the IJ's order. Singh filed Motions to Reopen/Reconsider and a request for a Stay of Deportation, all of which the BIA denied. Subsequently, Singh filed a Petition for Review with this court on December 30, 2002.

Singh was deported to India on January 27, 2003. The day of Singh's deportation to India, he filed a habeas corpus petition under 28 U.S.C. § 2241. The District Court assumed jurisdiction but dismissed Singh's petition.

## II. Petition for Review of BIA Decision without Opinion

### A. Standard of Review

Although we generally review orders of the BIA, *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir.2001), we also review IJ orders if the BIA affirms without opinion. *See Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir.2003) (en banc). We review factual findings under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B) (codifying *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). We exercise jurisdiction to review a decision of the BIA under 8 U.S.C. § 1252(a)(1). *See Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir.2004). Legal determinations are reviewed *de novo*. *Id.* (quoting *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir.2004)).

### B. BIA Affirmance without Opinion

In *Dia*, we upheld the streamlining regulations permitting BIA's to affirm without opinion in order to facilitate the efficient handling of the exponentially increasing immigration caseload. *Dia*, 353 F.3d at 235. We held that "nothing in the INA specifically requires the BIA to explain its decisions." *Dia*, 353 F.3d at 236 (quoting *Abdulai*, 239 F.3d at 555). Additionally, we stated that "[n]either the Constitution nor Congress guarantees a *de novo* review by the BIA, nor do they guarantee a right to a fully reasoned opinion by the BIA." *Dia*, 353 F.3d at 243 (internal citations omitted). When a single BIA member affirms an IJ's decision in a single sentence without an opinion, this signifies that he or she has reviewed the IJ's opinion

**2.** Before being repealed in 1997, Section 212(c) provided in pertinent part:

Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful

unrelinquished domicile of seven consecutive years, may be admitted at the discretion of the Attorney General.

This Section applies to Singh's case because the INS initiated proceedings against Singh before April 1, 1997.

and concluded the outcome is free from reversible error. *See Dia,* 353 F.3d at 235–36. A single member of the BIA properly affirms an IJ's decision where: he or she deems the result appropriate, the issue on appeal accords with established BIA or federal court precedent and does not require applying precedent to a unique fact scenario, and where the factual and legal issues raised on appeal are insignificant and do not require a three-member review. *See* 8 C.F.R. § 1003.1(e)(4)(i)(2005). We review such a decision under an arbitrary and capricious standard. *Smirko,* 387 F.3d at 292–94.

In this case, the BIA's decision to affirm without opinion was not arbitrary or capricious. Under the standards articulated in 8 C.F.R. § 1003.1(e)(4), the record does not compel a conclusion that the IJ erred in his decision to deny Singh's waiver. Also, Singh does not present any novel issues and the facts were not so substantial as to require a three-panel review.

## C. IJ's Denial of the 212(c) Waiver of Inadmissibility

■ We next consider the denial of Singh's INA § 212(c) waiver of inadmissibility. The IJ issued a final order denying Singh's petition for a § 212(c) waiver of exclusion after October 30, 1996. As such, the transitional rules of IIRIRA § 309(c)(4)(E) that govern judicial review expressly eliminated appeals of discretionary decisions under § 212(c) of the Immigration and Nationality Act. *See Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997).

We review § 212(c), 8 U.S.C. § 1182(c) waivers of inadmissibility under an abuse of discretion standard. *Foti v. INS,* 375 U.S. 217, 228 n. 15, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). The IJ must balance the "adverse factors evidencing an alien's undesirability … with social and humane considerations presented in his behalf."

*Tipu v. INS,* 20 F.3d 580, 583 (quoting *Matter of Marin,* 1978 WL 36472, 16 I & N Dec. 581, 584 (BIA 1978)). Factors considered include, among others, the seriousness of the offense, any evidence of rehabilitation, the duration of an alien's residence, and the impact deportation will have on an alien's family. *Ponnapula v. Ashcroft,* 373 F.3d 480, 486 (3d Cir.2004). In *Tipu,* we held the applicant has the burden to prove he merits a § 212(c) waiver and a single adverse factor may be sufficient for denial. *Tipu,* 20 F.3d at 583.

In this case, the IJ conducted a thorough review after hearing both positive and negative factors impacting on Singh's petition for a waiver. The IJ questioned members of Singh's family, considered Singh's efforts at rehabilitation while in prison, and considered the impact deportation would have on his immediate family. But the IJ determined that several negative factors outweighed the positive, including: the seriousness of Singh's armed robbery conviction; the untruthfulness of Singh's testimony including changing accounts of the robbery and lack of candor about his number of convictions; and his failure to pay taxes. We find the IJ did not abuse his discretion in denying Singh a § 212(c) waiver.

## III. Singh's Habeas Petition

■ Singh also petitions for habeas on due process grounds. His habeas claims largely mirror his arguments regarding the petition for review of the BIA's decision. Specifically, Singh alleges a due process violation resulting from the IJ not correctly weighing all relevant factors regarding the § 212(c) waiver and the BIA improperly using the streamlining procedure. Having affirmed the BIA's decision (in II. *infra*), we find no due process violation on those grounds. Due process requires an opportunity to be heard "at a meaningful time and in a meaningful manner." *Chong v. INS,* 264 F.3d 378, 386 (3d

Cir.2001) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). Due process entitles an alien to "(1) factfinding based on the record made before the decisionmaker and disclosed to him or her; (2)[ ] make arguments on his or her own behalf; and (3)[ ] the right to an 'individualized determination of his [or her] interests.'" *Abdulai v. Ashcroft,* 239 F.3d 542 (3d Cir.2001) (internal citations omitted). Singh had sufficient opportunity to be heard and to make arguments on his behalf. Singh received several extensions to accommodate changes in attorneys so that they could adequately represent his interests. Additionally, Singh was provided an interpreter in his native language for several hearings, and was given ample opportunity to explain his positions and to offer several witnesses on his behalf. For these reasons, we will affirm.

### IV.

We will affirm the order of the BIA. We will also affirm the District Court.