UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 9, 2006
Decided December 7, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 05-2505 & 05-2706

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 03 CR 1201 |
| KRISTOFF MERRIWEATHER and KWAN MERRIWEATHER, *Defendants-Appellants*. | James F. Holderman, *Chief Judge*. |

**O R D E R**

Brothers Kristoff and Kwan Merriweather pled guilty to one count of robbery and one count of attempted robbery of a mail carrier. *See* 18 U.S.C. § 2114. In September 2004, after the Supreme Court granted certiorari in *United States v. Booker*, 375 F.3d 508, 515 (7th Cir. 2004), the district court sentenced Kristoff to a total of 51 months' imprisonment and Kwan to a total of 77 months. The court also, following a suggestion we offered in *Booker*, announced "fall-back" sentences of 18 months (for Kristoff) and 24 months (for Kwan). Neither defendant appealed, but after the Supreme Court took its turn in *Booker* (*see United States v. Booker*, 543 U.S. 220 (2005)), both asked the district court to reduce his sentence to the previously announced fall-back point. The district court declined, and these appeals followed. Because *United States v. Smith*, 438 F.3d 796 (7th Cir. 2006)—decided

after briefing was complete—controls the outcome of both appeals, we vacate the district court's order and remand with instructions to dismiss the Merriweathers' motions for lack of subject-matter jurisdiction.

*Smith* holds that defendants are out of luck if they did not file a notice of appeal to preserve the possibility of a post-*Booker* remand to implement a fall-back sentence. The government contends that *Smith* is procedurally indistinguishable from the Merriweather appeals. Kristoff admits that his case is virtually indistinguishable from *Smith*. Kwan, however, insists that *Smith* is distinguishable because the government waived reliance on *Smith* by not arguing in the district court that there was no continuing jurisdiction to implement the fall-back sentences. Accordingly, Kwan maintains that the district court improperly modified the original judgment by refusing to implement his fall-back sentence.

Despite Kwan's claim to the contrary, *Smith* is controlling, and Kwan's waiver argument is frivolous. The point of *Smith* is that Kwan's post-*Booker* motion could not give the sentencing court subject-matter jurisdiction to implement the fall-back sentence, and of course the absence of subject-matter jurisdiction is not a defect that can be waived. *See Smith*, 438 F.3d at 799 (explaining that jurisdiction "is the sort of limit that must be respected, and which we must enforce even if everyone else has ignored it"). Indeed, the point of *Smith* is that the district court did not even have jurisdiction to *consider* implementing the fall-back sentences.

The Merriweathers also argue that as a matter of fairness they deserve the lower sentences because both decided not to appeal in reliance on the fall-back sentences. Kwan in particular contends that his dispute over his criminal history calculation would normally be appealed but that he refrained from doing so because the fall-back sentence was in place. But a defendant could file an appeal even if his sentence was otherwise correct under the guidelines—many did so—and we would have stayed the appeal pending the Supreme Court's resolution of *Booker*. *See Smith*, 438 F.3d at 798. However, the time to appeal the original sentences has long since passed. Even though *Smith* left open the possibility that an untimely appeal from a sentence might be maintained with the consent, or after the oversight, of the government, that does not save the Merriweathers. *See id.* at 801. Both brothers request review of the district court's refusal to impose the fall-back sentences and do not characterize their appeals from that decision as belated appeals from their original sentences. Indeed, Kristoff relies on the date of the district court's hearing regarding the fall-back sentences to state that his appeal now is timely. And the government has asserted that it would not consent to such belated appeals from the original sentences.

There remains one loose end concerning *Smith*. As additional authority Kristoff and Kwan have submitted *United States v. Cage*, 451 F.3d 585, 590 (10th

Cir. 2006), another opinion released after briefing was complete. That case holds, under circumstances similar to those in *Smith* and in these appeals, that the district court did have jurisdiction to implement its fall-back sentence. The Tenth Circuit, however, does not identify any source of jurisdiction for the sentencing court to implement a fall-back sentence, nor does it address our *Smith* decision, which was more than three months old when *Cage* was decided. *See also United States v. Booker*, 436 F.3d 238, 246-47 (D.C. Cir. 2006) (holding that guidelines sentence, and not alternative sentence, was only lawful judgment of district court but vacating because government conceded prejudicial error to defendant). Neither brother suggests any reason why *Cage* should cause us to reevaluate *Smith*, and we see no compelling reason to do so. The premise of *Smith*—that a district court's jurisdiction to alter a final sentence is quite limited—is well-established in this circuit. *See United States v. Rosby*, 454 F.3d 670, 675 (7th Cir. 2006); *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004); *Romandine v. United States*, 206 F.3d 731, 737 (7th Cir. 2000).

The district court's order of May 17, 2005 is vacated, and the case is remanded with instructions to dismiss the Merriweathers' motions for lack of subject-matter jurisdiction.