**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 26, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN SANDOVAL,

Defendant - Appellant.

No. 05-2397

(D. New Mexico)

(D.C. No. CR-04-1636 MCA)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McWILLIAMS**, and **HARTZ**, Circuit Judges.

Brian Sandoval appeals his sentence on the ground that some of his special conditions of release are unlawful. The sentence that he appeals was entered on December 9, 2005, after he violated the conditions of release imposed by a prior sentence entered on November 16, 2004, in this same case. He previously appealed that prior sentence on the same grounds. Indeed, the Argument section of his opening brief on this appeal contains only two sentences, the second of which states that this appeal is "for the purpose of preserving his ability to pursue

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

meaningful review of the [sentence imposed after he violated his conditions of release]." Aplt. Br. at 8. The brief contains no argument that he may be entitled to relief on this appeal even if he loses his prior appeal. Apparently the purpose of this appeal is to ensure that if he were granted relief in the prior appeal, so that the special conditions were voided, he would not be confronted with a contention that he had forfeited the right to challenge the same conditions when they were imposed on resentencing.

Today we have affirmed Mr. Sandoval's November 16, 2004, sentence. *See United States v. Sandoval*, No. 04-2323 (10th Cir. Feb. 26, 2007). Because Mr. Sandoval has presented no argument for distinguishing his grounds for appeal in that case from his grounds here, we likewise affirm the sentence in this case.

There is, however, one complication. The government contends that the district court lacked jurisdiction to impose the sentence entered in December 2005, because there was no permissible ground to modify the sentence originally imposed in October 2005 for Mr. Sandoval's violation of his conditions of release. The government is probably correct. *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35, 36; *United States v. Smith*, 438 F.3d 796, 799-801 (7th Cir. 2006). But at oral argument Mr. Sandoval's attorney stated that the government's jurisdictional argument was "moot" because Mr. Sandoval "did his entire 11 months in prison." We take this statement to mean that even if the modifications to the October 2005 judgment made in the December 2005 judgment are invalid

because the district court lacked jurisdiction to make any modifications, the modifications are of no practical significance. The government has not suggested otherwise. Therefore, we need not address whether the district court had jurisdiction in December 2005 to modify the October 2005 sentence.

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge