**UNITED STATES of America**

v.

**Kenneth BURNAM, Appellant.**

**No. 08–3557.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 29, 2009.

Filed: Feb. 8, 2010.

William A. Behe, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: RENDELL and AMBRO, Circuit Judges and McVERRY,* District Judge.

OPINION

AMBRO, Circuit Judge.

Kenneth Burnam, a/k/a Venton Eugene Smith (his true legal name), appeals the order of the District Court denying his motion for a sentence reduction under Section 3582(c) of the Sentencing Reform Act of 1984. 18 U.S.C. § 3582(c)(2). Burnam claims the Court erred in refusing to reduce his sentence pursuant to the recent amendments to the United States Sentencing Guidelines ("the Guidelines") for cocaine-base offenses. For the reasons noted below, we affirm the order of the District Court denying the motion.

---

## I.

On August 25, 1999, Burnam was indicted by a federal grand jury. The charged offenses were: (1) distribution and possession with intent to distribute cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and (2) conspiracy to distribute and possess with intent to distribute the same substances, in violation of 21 U.S.C. § 846. Pursuant to a negotiated and written plea agreement, Burnam was charged with and pled guilty to one count of operating and maintaining a drug-involved premises under 21 U.S.C. § 856. This offense carries a maximum penalty of 20 years' imprisonment. 21 U.S.C. § 856(b).

A pre-sentence report was prepared by the United States Probation Office. The report determined that the amount of cocaine was at least 11 kilograms, which yielded a base offense level of 38 under Guidelines §§ 2D1.1(a)(3), (c)(1). Two levels were added for possession of a firearm, and four levels were added for Burnam's role in the offense as an organizer or leader. Three levels were subtracted for acceptance of responsibility. This resulted in a total offense level of 41 (38+2+4-3=41). Burnam's criminal history category was III, resulting in a recommended imprisonment range of 360 months to life under the Guidelines. However, because the underlying offense had a statutory maximum of 20 years' imprisonment, under Guidelines § 5G1.1(a), 240 months became the final Guideline sentence calculation, and Burnam was sentenced to that maximum. In April of 2004, the Government moved for, and the Court granted, a reduction of Burnam's sentence, on account of his cooperation, to a term of 222 months.

In March of 2008, Burnam moved *pro se* for a further reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Following the appointment of counsel, a counseled supplement was filed in August of 2008. The District Court denied the motion on the merits shortly thereafter. J.A. 3–7, 8. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. However, if the requirements of § 3582(c)(2) are not met, the District Court lacks the further authority to reduce a sentence. *See United States v. Doe,* 564 F.3d 305, 309 (3d Cir. 2009) (finding a lack of jurisdiction to consider a sentence reduction when the requirements of § 3582(c)(2) were not met); *United States v. Mateo,* 560 F.3d 152, 156 (3d Cir.2009) (affirming district court's denial of a motion to reduce sentence because the Guidelines did not actually lower defendant's applicable sentencing range as required under § 3582(c)(2)). While a District Court does not have the authority to reduce a sentence under § 3582(c)(2) when a sentencing range has not been subsequently lowered by the Sentencing Commission, it nonetheless has jurisdiction to determine whether the requirements of § 3582(c)(2) are met.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review over the District Court's interpretation of the Guidelines is plenary. *United States v. Grier,* 475 F.3d 556, 570 (3d Cir.2007) (en banc). Our review over the District Court's factual findings relevant to the Guidelines is for clear error. *Id.* We

---

1. We note that this is distinct from the timeliness issue we discussed in *United States v. Higgs,* where we found we lacked jurisdiction even to begin the § 3582(c)(2) inquiry. *See* *United States v. Higgs,* 504 F.3d 456, 464 (3d Cir.2007) *(citing United States v. Smith,* 438 F.3d 796, 799 (7th Cir.2006)).

review a court's ultimate decision whether to grant or deny a defendant's motion for sentence reduction under § 3582(c)(2) for abuse of discretion. *Mateo,* 560 F.3d at 154.

### III.

Burnam desires a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The statutory text reads as follows:

> The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Burnam is not entitled to benefit from this provision because his sentencing range has not been lowered by the Sentencing Commission. Without an actual reduction in his range, there is nothing the District Court can do under this statute to grant him relief.

While Burnam ultimately benefitted from the charge bargain, under the Guidelines the offense level for maintaining a drug-involved premises is the same as that of the underlying controlled substance offense. Guidelines § 2D1.8(a)(1). Burnam conceded as much in the District Court. J.A. 86 (Appellant's Suppl. Pro Se Mot. ¶¶ 8–9). He also conceded that the straightforward, sentencing range calculation used by the Government would result in the same sentence, even considering the retroactive crack cocaine amendment, because the calculation would result in a Guidelines recommendation of more than 240 months, which would subsequently be reduced to the statutory maximum of 240 months. J.A. 88 (Appellant's Suppl. Pro Se Mot. ¶ 22).

Instead of following this logic, Burnam urged the District Court to consider a different calculation. He proposed then, and maintains now, that the proper method of calculating his Guidelines sentence involves the following exercise of arithmetic gymnastics: (1) completely ignore the quantity of cocaine actually found; (2) completely ignore the actual Guidelines calculation that resulted in his sentence; (3) start with the statutory maximum sentence that was imposed; (4) using the old tables, find the corresponding quantity of cocaine implied by the actual sentence imposed; (5) use this completely fictitious quantity; and (6) look up the sentence under the new tables which corresponds to this fictitious quantity.

This is not arithmetic—it is alchemy, and Burnam's attempt to turn lead into gold with tortured, backward reasoning simply does not compute. Nor does it comport with the demands of 18 U.S.C. § 3582(c)(2). While the argument is, in one sense, "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the substance of Burnam's motion is based on a fictitious quantity wholly detached from the reality of the offense and the underlying facts. The range for Burnam's actual offense (capped at 240 months) has not budged under the new Guidelines. Under the statute, a court cannot simply ignore reality and *"may not* modify a term of imprisonment" based upon a set of wholly fabricated and contrived facts that never were in existence and bear no relation to the proper application of the Guidelines. 18

U.S.C. § 3582(c)(2) (emphasis added). Consequently, there is no relief available for Burnam under the statute.

\* \* \* \* \* \*

The District Court lacked the authority to reduce Burnam's sentence. We thus affirm its judgment.