# SUPREME COURT OF THE UNITED STATES

JIM YOVINO, FRESNO COUNTY SUPERINTENDENT OF SCHOOLS v. AILEEN RIZO

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 18–272.   Decided February 25, 2019

PER CURIAM.

The petition in this case presents the following question: May a federal court count the vote of a judge who dies before the decision is issued?

A judge on the United States Court of Appeals for the Ninth Circuit, the Honorable Stephen Reinhardt, died on March 29, 2018, but the Ninth Circuit counted his vote in cases decided after that date.* In the present case, Judge Reinhardt was listed as the author of an en banc decision issued on April 9, 2018, 11 days after he passed away. By counting Judge Reinhardt's vote, the court deemed Judge Reinhardt's opinion to be a majority opinion, which means that it constitutes a precedent that all future Ninth Circuit panels must follow. See *United States* v. *Caperna*, 251 F. 3d 827, 831, n. 2 (2001). Without Judge Reinhardt's vote, the opinion attributed to him would have been approved by only 5 of the 10 members of the en banc panel who were still living when the decision was filed.

——————

*In *Altera Corp.* v. *Commissioner,* 2018 WL 3542989 (CA9, July 24, 2018), decided four months after Judge Reinhardt died, his vote was initially counted as one of the two judges in the majority. A footnote in the opinion stated: "Judge Reinhardt fully participated in this case and formally concurred in the majority opinion prior to his death." *Id.*, at *1, n. **. Later, however, the court vacated the opinion and issued an order reconstituting the panel. *Altera Corp.* v. *Commissioner*, 898 F. 3d 1266 (CA9 2018). No similar action was taken in this case.

Although the other five living judges concurred in the judgment, they did so for different reasons. The upshot is that Judge Reinhardt's vote made a difference. Was that lawful?

I

Aileen Rizo, an employee of the Fresno County Office of Education, brought suit against the superintendent of schools, claiming, among other things, that the county was violating the Equal Pay Act of 1963, 77 Stat. 56–57, 29 U. S. C. §206(d). The District Court denied the county's motion for summary judgment, and the Ninth Circuit granted the county's petition for interlocutory review. A three-judge panel of the Ninth Circuit vacated the decision of the District Court based on a prior Ninth Circuit decision, *Kouba* v. *Allstate Ins. Co.*, 691 F. 2d 873 (1982), that the panel "believed it was compelled to follow." 887 F. 3d 453, 459 (2018) (en banc). The court then granted en banc review "to clarify the law, including the vitality and effect of *Kouba.*" *Ibid.* Like other courts of appeals, the Ninth Circuit takes the position that a panel decision like that in *Kouba* can be overruled only by a decision of the en banc court or this Court, see *Naruto* v. *Slater*, 888 F. 3d 418, 421 (2018), and therefore a clear purpose of the en banc decision issued on April 9 was to announce a new binding Ninth Circuit interpretation of the Equal Pay Act issue previously addressed by *Kouba.* The opinion authored by Judge Reinhardt and issued 11 days after his death purports to do that, but its status as a majority opinion of the en banc court depends on counting Judge Reinhardt's vote.

The opinions issued by the en banc Ninth Circuit state that they were "Filed April 9, 2018," and they were entered on the court's docket on that date. A footnote at the beginning of the en banc opinion states:

"Prior to his death, Judge Reinhardt fully participated in this case and authored this opinion. The majority

opinion and all concurrences were final, and voting was completed by the en banc court prior to his death." 887 F. 3d, at 455, n. *.

## II

The Ninth Circuit did not expressly explain why it concluded that it could count Judge Reinhardt's opinion as "[t]he majority opinion" even though it was not endorsed by a majority of the living judges at the time of issuance, but the justification suggested by the footnote noted above is that the votes and opinions in the en banc case were inalterably fixed at least 12 days prior to the date on which the decision was "filed," entered on the docket, and released to the public. This justification is inconsistent with well-established judicial practice, federal statutory law, and judicial precedent.

As for judicial practice, we are not aware of any rule or decision of the Ninth Circuit that renders judges' votes and opinions immutable at some point in time prior to their public release. And it is generally understood that a judge may change his or her position up to the very moment when a decision is released.

We endorsed this rule in *United States* v. *American-Foreign S. S. Corp.*, 363 U. S. 685 (1960), which interpreted an earlier version of 28 U. S. C. §46(c), the statutory provision authorizing the courts of appeals to hear cases en banc. The current version of this provision permits a circuit to adopt a rule allowing a senior circuit judge to sit on an en banc case under certain circumstances, but at the time of our decision in *American-Foreign S. S. Corp.*, this was not allowed. Instead, only active judges could sit en banc. See 28 U. S. C. §46(c) (1958 ed.).

In *American-Foreign S. S. Corp.*, Judge Harold Medina was one of the five active judges on the Second Circuit when the court granted a petition for rehearing en banc. After briefing was complete but before an opinion issued,

Judge Medina took senior status. When the en banc court issued its decision, the majority opinion was joined by Judge Medina and two active Circuit Judges; the two other active Circuit Judges dissented. We vacated the judgment and remanded the case, holding that "[a]n 'active' judge is a judge who has not retired 'from regular active service,'" and "[a] case or controversy is 'determined' when it is decided." 363 U. S., at 688. Because Judge Medina was not in regular active service when the opinion issued, he was "without power to participate" in the en banc decision. *Id.*, at 687, 691; cf*., id.,* at 691–692 (Harlan, J., dissenting).

Our holding in *American-Foreign S. S. Corp.* applies with equal if not greater force here. When the Ninth Circuit issued its opinion in this case, Judge Reinhardt was neither an active judge nor a senior judge. For that reason, by statute he was without power to participate in the en banc court's decision at the time it was rendered.

In addition to §46(c), §46(d) also shows that what the Ninth Circuit did here was unlawful. That provision states:

> "A majority of the number of judges authorized to constitute a court or panel thereof, as provided in paragraph (c), shall constitute a quorum."

Under §46(c), a court of appeals case may be decided by a panel of three judges, and therefore on such a panel two judges constitute a quorum and are able to decide an appeal—provided, of course, that they agree. Invoking this rule, innumerable court of appeals decisions hold that when one of the judges on a three-judge panel dies, retires, or resigns after an appeal is argued or is submitted for decision without argument, the other two judges on the panel may issue a decision if they agree. See, *e.g., United States* v. *Allied Stevedoring Corp.*, 241 F. 2d 925, 927 (CA2 1957); *Murray* v. *National Broadcasting Co.,* 35 F. 3d 45,

47 (CA2 1994); *Singh* v. *Ashcroft*, 121 Fed. Appx. 471, 472, n. (CA3 2005); *ASW Allstate Painting & Constr. Co.* v. *Lexington Ins. Co.*, 188 F. 3d 307, 309, n. (CA5 1999); *Clark* v. *Metropolitan Life Ins. Co.*, 67 F. 3d 299, n. \*\* (CA6 1995); *Kulumani* v. *Blue Cross Blue Shield Assn*, 224 F. 3d 681, 683, n. \*\* (CA7 2000). See also *Nguyen* v. *United States*, 539 U. S. 69, 82 (2003) ("[S]ettled law permits a quorum to proceed to judgment when one member of the panel dies or is disqualified."). With the exception of one recent decision issued by the Ninth Circuit after Judge Reinhardt's death but subsequently withdrawn, see *supra*, at 1 n., we are aware of no cases in which a court of appeals panel has purported to issue a binding decision that was joined at the time of release by less than a quorum of the judges who were alive at that time.

\*  \*  \*

Because Judge Reinhardt was no longer a judge at the time when the en banc decision in this case was filed, the Ninth Circuit erred in counting him as a member of the majority. That practice effectively allowed a deceased judge to exercise the judicial power of the United States after his death. But federal judges are appointed for life, not for eternity.

We therefore grant the petition for certiorari, vacate the judgment of the United States Court of Appeals for the Ninth Circuit, and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE SOTOMAYOR concurs in the judgment.