**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODRICK HARRIS, a/k/a Trigga Loc,

    Defendant - Appellant.

No. 19-1068
(D.C. No. 1:17-CR-00137-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**[**], and **MORITZ**, Circuit Judges.
_____

Defendant Rodrick Harris appeals the district court's reconsideration of its sua

sponte decision to reopen sentencing in order to lower his sentence. Because we

conclude that this appeal falls within the scope of the waiver of appellate rights

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] While the late Honorable Monroe G. McKay was assigned to, and participated in the disposition of, this matter before his death on March 28, 2020, his vote was not counted. *Yovino v. Rizo*, 139 S. Ct. 706, 710 (2019) (federal court may not count the vote of a judge who dies before a decision is issued). "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." *United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997); *see also* 28 U.S.C. § 46(d) (noting circuit court may adopt procedures permitting disposition of an appeal where remaining quorum of panel agrees on the disposition). The remaining panel members have acted as a quorum with respect to this Order and Judgment.

contained in Defendant's plea agreement with the government, we grant the government's motion to dismiss the appeal.

Defendant was indicted on several drug-related counts. He entered into a plea agreement with the government in which he pled guilty to one count of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). As part of the agreement, he waived his "right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 27 or (3) the government appeals the sentence imposed." R. vol. I at 37. In exchange, the government agreed to dismiss the remaining counts against him.

Defendant's sentencing hearing was held on October 24, 2018. At the hearing, the district court found a total offense level of 27, which resulted in an advisory guideline range of 87–108 months. The court concluded that a below-guidelines sentence of 66 months was warranted in light of various considerations such as Defendant's street-level role in the offense, his history of childhood abuse, and the court's policy disagreements with the sentencing guidelines for low-level drug distributors. The court thus pronounced a 66-month sentence before concluding the sentencing hearing.

Two days after the hearing, the court issued a sua sponte order reopening the sentencing hearing. The government filed a motion for reconsideration of this order,

contending that the court lacked jurisdiction to reopen sentencing under 18 U.S.C. § 3582(c)(1)(B) and Fed. R. Crim. P. 35. The court ultimately agreed with the government, reluctantly concluding that it lacked jurisdiction or authority to modify the sentence and therefore that it must impose the sentence orally announced at the October 24, 2018 sentencing hearing. The court explained that, shortly after the sentencing hearing ended, the court concluded that the same considerations motivating its downward variance to 66 months in fact warranted an even greater downward variance to 42 months; the court opined that the below-guidelines sentence of 66 months was still too high to be substantively reasonable in light of these considerations. Nevertheless, the court determined that binding Tenth Circuit interpretations of § 3582(c)(1)(B) and Rule 35 prevented it from reopening the sentencing hearing to modify the originally imposed sentence. The court accordingly granted the government's motion for reconsideration and imposed judgment in accordance with the sentence announced at the October 24 sentencing hearing.

Defendant then filed this appeal, arguing that the district court erred in concluding it lacked jurisdiction to reopen sentencing and that his sentence should therefore have been reduced to 42 months in accordance with the district court's post-sentencing reevaluation of substantive reasonableness. The government has filed a motion for this court to dismiss the appeal based on the plea agreement's waiver of appellate rights.

We consider three factors to determine whether an appeal should be dismissed based on an appellate waiver: "(1) whether the disputed appeal falls within the scope

of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). In applying this test, we will find a miscarriage of justice only in four circumstances: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful," meaning that it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (internal quotation marks omitted and brackets changed to parentheses). "The burden rests with the defendant to demonstrate that the appeal waiver results in a miscarriage of justice." *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Defendant argues that he should be allowed to proceed with this appeal for two independent reasons: (1) his appeal does not fall within the scope of the appellate waiver, and (2) enforcing the waiver would result in a miscarriage of justice.[1] We find neither of these arguments to be persuasive.

---

[1] Defendant does not dispute that he knowingly and voluntarily waived his appellate rights. Because a defendant seeking to avoid enforcement of an appellate waiver bears the burden of showing that his agreement was not knowing or voluntary, Defendant's decision not to contest this element of the *Hahn* test means that we will treat it as satisfied for purposes of this appeal. *See Anderson*, 374 F.3d at 958–59.

First, Defendant argues that this appeal does not fall within the scope of the appellate waiver because the waiver extends only to an appeal of the sentencing decision itself. He argues that he is not appealing his sentence but is rather appealing the district court's conclusion that it lacked jurisdiction to modify his sentence once it had been orally announced at the sentencing hearing. For support, he relies on two cases in which the appellate court concluded that a plea agreement's waiver of the right to appeal "any sentence" within a certain range did not apply where the district court, acting without jurisdiction under § 3582(c)(1)(B), entered a written order imposing a sentence higher than had been orally announced at the sentencing hearing. *United States v. Luna-Acosta*, 715 F.3d 860, 861, 863–64 (10th Cir. 2013); *United States v. Vega*, 241 F.3d 910, 911–12 (7th Cir. 2001).

These authorities are readily distinguishable because Defendant's appellate waiver is broader in scope than the waivers in both *Luna-Acosta* and *Vega*. While the defendants in those cases waived their rights to appeal "any sentence" falling within a certain range, *Luna-Acosta*, 715 F.3d at 861; *Vega*, 241 F.3d at 911, Defendant waived his right to appeal not just the sentence but "any matter in connection with this . . . sentence," R. vol. I at 37. Thus, we need not decide whether this appeal would properly be characterized as an appeal of the "sentence" under a more narrowly worded appellate waiver like those at issue in *Luna-Acosta* and *Vega*: Defendant's waiver extends beyond the sentence itself. Defendant seeks to challenge the district court's decision not to reopen the sentencing proceeding to lower his sentence, and this is a "matter in connection with" his sentence, R. vol. I at 37, even

5

if it is arguably not an appeal of the sentence itself. Defendant's "interpretation of the waiver clause contradicts the plain language of the plea agreement." *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005). Under this plain language, we reject Defendant's argument that his appeal falls outside the scope of the appellate waiver.[2]

Second, Defendant argues that enforcing the appellate waiver in this case would lead to a miscarriage of justice. He concedes that his appellate arguments do not fit squarely within any of the four exclusive circumstances defined as miscarriages of justice in *Hahn*. Nevertheless, he contends that we should find a miscarriage of justice under the first *Hahn* situation, which applies "where the district court relied on an impermissible factor such as race," 359 F.3d at 1327, because the district court concluded that the sentence was not substantively reasonable when it reweighed the 18 U.S.C. § 3553 sentencing factors after the October 24 sentencing hearing. Defendant argues that the district court's failure at the sentencing hearing to

---

[2] We note that *Luna-Acosta* and *Vega* are also distinguishable based on an important distinction between the orders being appealed in those cases and the order Defendant seeks to appeal in this case. In both *Luna-Acosta* and *Vega*, the challenged post-sentencing orders were issued without jurisdiction by the district court. As the court in *Vega* explained, a plea agreement cannot waive a defendant's right to appeal an order that is entered without jurisdiction, as "a defendant cannot confer jurisdiction on a court by way of plea agreement." 241 F.3d at 912. Thus, regardless of the wording of their appellate waivers, the defendants in *Luna-Acosta* and *Vega* could not have waived their rights to appeal the district court's modification of their respective sentences without jurisdiction. *See id.* But there is no dispute that the district court had jurisdiction to enter the order at issue here; Defendant simply argues that the court erred as a matter of law when it concluded in this order that it lacked jurisdiction to modify his sentence. Thus, in contrast to *Luna-Acosta* and *Vega*, applying the waiver in this case would not result in the plea agreement impermissibly conferring jurisdiction upon the district court where no jurisdiction in fact existed. We accordingly enforce the waiver on its terms.

6

give adequate weight to the mitigating § 3553 factors "is far more significant than the court improperly considering his race," Aplt. Reply Br. at 3, and he contends that we must therefore find that enforcing the appellate waiver in this case would work a miscarriage of justice under the first *Hahn* situation.

We have repeatedly emphasized that the four circumstances listed in *Hahn* are the only circumstances in which we will find that the enforcement of a plea agreement's appellate waiver may result in a miscarriage of justice. *See, e.g.*, *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008); *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007); *United States v. Green*, 405 F.3d 1180, 1191 (10th Cir. 2005). We are not persuaded that the alleged error in this case—failing to give adequate weight to valid sentencing factors under § 3553—falls within the situation described in *Hahn* of relying on an impermissible factor such as race. Straining the language of this test to extend from the district court's consideration of impermissible factors to its substantive weighing of permissible factors would allow the exception to swallow the rule. As we explained in *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007), "[t]o allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive." Because Defendant has not shown that this appeal falls within any of the four exclusive situations identified by *Hahn* as constituting a miscarriage of justice, he has not met his burden of demonstrating that enforcement of the waiver would result in a miscarriage of justice. *See Sandoval*, 477 F.3d at 1208.

For the foregoing reasons, we conclude that this appeal falls within the scope of the appellate waiver and that Defendant has not shown a valid reason why the waiver should not be enforced. We accordingly **GRANT** the government's motion to enforce the appellate waiver and **DISMISS** the appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge